## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM HASSAN MILHOUSE, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:16-CV-00239 |
| | : | |
| vs. | : | |
| | : | |
| WARDEN DAVID EBBERT, | : | (Judge Rambo) |
| | : | |
| Respondent | : | |

### MEMORANDUM

### Background

On February 11, 2016, Kareem Hassan Milhouse, a federal prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)  Along with the petition Milhouse filed an unsigned motion to proceed in forma pauperis. (Doc. 2.) On February 17, 2016, an Administrative Order was issued directing Milhouse to pay the filing fee or submit a signed motion to proceed in forma pauperis within 14 days. (Doc. 4.)  On February 26, 2016, Milhouse filed a signed motion to proceed in forma pauperis. (Doc. 5.)

On March 21, 2016, the petition was given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof,[1] and because the petition was scant in detail Milhouse was directed to file an amended petition.

On April 13, 2016, Milhouse filed an amended petition and on April 18, 2016, a copy of the Discipline Hearing Officer Report. (Docs. 8, 9.)  Milhouse challenges the outcome of a prison disciplinary proceeding where he was found guilty of fighting with another person in violation of Code 201, a high severity level prohibited act. (Id.)  Milhouse claims that (1) there was insufficient evidence to find him guilty; (2) he was denied the opportunity to attend and present evidence at the hearing before the Discipline Hearing Officer; (3) the incident report was fabricated; and (4)

---

1.  Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

he was denied the opportunity to present surveillance video of the incident. (Id.)  Milhouse indicates that he received 27 days loss of Good Conduct Time, disciplinary segregation for 30 days, and loss of commissary and visitation privileges for 90 days. (Id.) Milhouse contends that he appealed to the Regional Office of the Bureau of Prison but received no response from the Regional Office and contends that excused him from appealing to the Central Office of the Bureau of Prisons. (Id.)  Milhouse requests that the Bureau of Prison be directed to expunge the incident report from his record. (Id.)

For the reasons set forth below, Milhouse will be granted in forma pauperis status for the purpose of filing this action and the petition and amended petition will be dismissed.

**Discussion**

Milhouse contends he filed an appeal to the Northeast Regional Office of the Bureau of Prisons on December 3, 2015, claiming, inter alia, there was insufficient evidence and the incident report was

falsified, but received no response from the Regional Office.  The statements that there was insufficient evidence and the incident report was falsified are conclusory. Milhouse does not set forth any facts indicating how the evidence was insufficient or the incident report falsified.[2] Milhouse further claims that

_____

2.  In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Id. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir.1992).  If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff.  Hill, 472 U.S. at 457.  The Hill standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 501-502

(continued...)

what is shown and heard on a video/audio surveillance
tape of the incident conflicts with the officer's
testimony regarding the incident.  The Discipline
Hearing Officer Report which Milhouse submitted, after
filing the amended petition, rebuts those assertions.
(Doc. 9.)  The Discipline Hearing Officer Report reveals
that the date of the incident was November 17, 2015;
Milhouse was charged in an incident report with fighting
with his cellmate Michael Mahoney, and refusing to obey
an order and given advanced written notice of the
charges on the same day; on November 18, 2015, Milhouse
was advised of the rights he had with respect to the
hearing before the Discipline Hearing Officer; Milhouse
waived his right to staff representation, requested no
witnesses, and declined to appear at the hearing or
present any documents; and the DHO at the hearing
considered the incident report charging Milhouse with

---

2.  (...continued)
(3d Cir. 1989). Based this court's review of the
Discipline Hearing Officer Report set forth in this
memorandum there was clearly "some evidence" supporting
the finding of guilt. The court is not required to make
credibility determinations. <u>Superintendent v. Hill</u>, 472
U.S. at 455.

fighting and refusing to obey an order, memoranda from
four corrections officers, medical documentation of
injuries sustained by Milhouse and Mahoney, photographs
of Milhouse and Mahoney taken after the incident, and
video surveillance footage of the range in the vicinity
of the cell where Milhouse and Mahoney were housed.
(Id.)  Based on that evidence the DHO found that
Milhouse was guilty of fighting and in so doing stated
in pertinent part as follows:

> The DHO finds that inmate Milhouse committed
> the prohibited act of Fighting, Code 201.
> This finding is based on the eyewitness written
> account of the reporting officer, which
> indicates on 11-17-2015 at approximately 6:25
> p.m., the reporting officer was making rounds
> on D-Block 1st Floor. Upon arriving at cell 121,
> which housed inmates Mahoney [] and Milhouse [],
> the reporting officer observed the inmates
> fighting in the cell, exchanging closed fist
> punches to the head and torso. The reporting
> officer called for assistance and repeatedly
> ordered the inmates to stop fighting and submit
> to hand restraints.  The inmates refused the
> orders and continued to fight.
>
> This finding is further based on the fact inmate
> Milhouse declined to appear at the DHO hearing,
> declined to make any statement of any sort, and
> did not provide the DHO with any documentary
> evidence to review. . . .
>
> The DHO notes at the time inmate Milhouse
> appeared before the [Unit Disciplinary
> Committee], he requested video footage of

the D-1 range recorded on 11-17-2015 in
proximity to the time of the incident as
documented in . . . the incident report be
reviewed and considered as evidence in this
case. The DHO did review this video footage as
requested by Milhouse however, [the DHO] finds
it inconclusive as far as determining whether
Milhouse committed the prohibited act charged
in this case.  The DHO notes there are no
security surveillance cameras in the individual
cells . . . As such, there is no video footage
available for review capable of proving with any
degree of certainty what actually transpired
inside cell D-121 during the incident.  The
DHO's review of the video footage of the D-1
range recorded by the security surveillance
cameras on 11-17-2015, in proximity to the
time of the incident . . . [reveals that] [a]t
6:24:50 PM the reporting officer is observed
approaching the door to cell D-121 as he is
making rounds on the D-1 range. The reporting
officer is observed speaking to the occupant(s)
of the cell.  At 6:25:05 PM, the reporting
officer is observed taking a step back from the
door to cell D-121, removing his hand held
radio from his duty belt, and is observed
calling for assistance.  The reporting officer
is then observed pounding on the door to cell
D-121 with his fist, and is again observed
speaking to the occupants of the cell. . . .
The greater weight of the evidence in this case,
therefore, supports the finding inmate Milhouse
committed the prohibited act of Fighting, Code
201.

(Id. at 3.)  The DHO imposed the following sanctions: 27

days loss of Good Conduct Time, 30 days disciplinary

segregation, and 90 days of loss of commissary and

visiting privileges. Id.  Milhouse was advised of his

right to appeal within 20 calendar days of the decision. (Id.) The Discipline Hearing Officer Report was signed by the DHO on December 2, 2015, and Milhouse received a copy of it on December 3, 2015.(Id. at 4.)

On December 3, 2015, Milhouse filed an appeal of the DHO's decision with the Regional Office or the Bureau of Prisons raising the following issues: "insufficient evidence, denial of opportunity to attend DHO hearing, fabrication/falsification of incident report, denial of camera surveillance (unit and use of force camera)." (Doc. 8, at 2.)  Milhouse alleges that he never received a response from the Regional Office and admits that he did not file an appeal to the Central Office. (Id. at 2-3.)

The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations. However, this court may do so only after the petitioner has exhausted his available Bureau of Prisons's administrative remedies.  United States v. Wilson, 503 U.S. 329 (1992); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98

8

F.3d 757, 760 (3d Cir. 1996). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood, 230 F.3d at 634. Furthermore, the burden is on Milhouse in a 2241 habeas proceeding to prove that he exhausted administrative remedies. Meyers v. Martinez, 427 F. App'x. 125, 127 (3d Cir. 2011)(citing Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001)(2254 habeas proceeding)).

The Bureau of Prisons has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. Id. at § 542.14(a).[3]

_____

3.  The first two steps, informal resolution and appeal to the Warden, do not apply to appeals from decisions of a DHO. 28 C.F.R. § 542.14(d)(2).  The inmate is to

(continued...)

If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office and then to the Central Office of the Bureau of Prisons. Id. at §§ 542.15(a).  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prisons's Central Office.  Id.  Furthermore, the fact that the Regional Office fails to respond to an appeal does not relieve an inmate of his responsibility to proceed to the final step, i.e., submitting an appeal to the Central Office of the Bureau of Prisons because an appeal to the Regional Office is deemed responded to and denied "[i]f the inmate does not receive a response within [30 calendar days of submission of the appeal]." 28 C.F.R. § 542.18.  Under those circumstances "the inmate may consider the absence of a response to be a denial at that level."  (Id.)

        In this case Milhouse has admitted that he failed to exhaust the administrative remedy procedures set forth in 28 U.S.C. § 542.10 et seq.

_____

3.  (...continued)
appeal directly to the Regional Office. Id.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default." <u>Moscato</u>, 98 F.3d at 760-761 (citing <u>Francis v. Rison</u>, 894 F.2d 353,355 & n.2 (9th Cir. 1990); <u>Sanchez v. Miller</u>, 792 F.2d 694, 697 (7th Cir. 1986)). The time in which Milhouse could file an appeal to the Central Office has expired and that avenue of relief is no longer available to him.[4] If a default renders the administrative process unavailable, review of a habeas claim is barred "absent a showing of cause and prejudice[.]" Id. at 761.

Cause is generally only established where the petitioner shows that "some external objective factor impeded" his or her efforts to comply with the Bureau of Prisons's administrative remedy provisions. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). As the United States Court of Appeals for the Second Circuit has noted, where "legitimate circumstances beyond the

_____

4. Milhouse filed an appeal to the Regional Office on December 3, 2015.  The Regional Director had 30 calendar days to make a decision, that is by January 2, 2016. 28 C.F.R. §§ 542.15, 542.18.  Milhouse then had 30 calendar days to file an appeal to the Central Office, that is by February 1, 2016. <u>Id.</u>

prisoner's control preclude him from pursuing his administrative remedies," cause is established. <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 634 (2d Cir. 2001).  Milhouse  has not established cause for his failure to seek timely review with the Central Office of the Regional Office's *sub silentio* denial of his appeal 30 days after he submitted the appeal.

 The court discerns no external objective factor which prevented Milhouse from pursuing his available administrative remedies.  Consequently, his habeas petition will be dismissed.

 Finally, because Milhouse is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

 An appropriate order will be entered.


    s/Sylvia H. Rambo
    United States District Judge


Dated: May 9, 2016