**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:16-CV-00239** |
| **vs.** | : | |
| **WARDEN DAVID EBBERT,** | : | **(Judge Rambo)** |
| **Respondent** | : | |

**MEMORANDUM**

**Background**

On February 11, 2016, Kareem Hassan Milhouse, a federal prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Along with the petition Milhouse filed an unsigned motion to proceed in forma pauperis. (Doc. 2.) On February 17, 2016, an Administrative Order was issued directing Milhouse to pay the filing fee or submit a signed motion to proceed in forma pauperis within 14 days. (Doc. 4.) On February 26, 2016, Milhouse filed a signed motion to proceed in forma pauperis. (Doc. 5.)

On March 21, 2016, the petition was given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof,[1] and because the petition was scant in detail regarding the disciplinary sanctions he was challenging, Milhouse was directed to file an amended petition.

On April 13, 2016, Milhouse filed an amended petition and on April 18, 2016, a copy of the Discipline Hearing Officer Report. (Docs. 8, 9.) Milhouse challenged the outcome of a prison disciplinary proceeding where he was found guilty of fighting with another person in violation of Code 201, a high severity level prohibited act. (Id.) Milhouse claimed that (1) there was insufficient evidence to find him guilty; (2) he was denied the opportunity to attend and present evidence at the hearing before the Discipline Hearing

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Officer; (3) the incident report was fabricated; and (4) he was denied the opportunity to present surveillance video of the incident. (Id.) Milhouse indicated that he received 27 days loss of Good Conduct Time, disciplinary segregation for 30 days, and loss of commissary and visitation privileges for 90 days. (Id.) Milhouse contended that he appealed to the Regional Office of the Bureau of Prison but received no response from the Regional Office and argued that excused him from appealing to the Central Office of the Bureau of Prisons. (Id.) Milhouse requested that the Bureau of Prison be directed to expunge the incident report from his record. (Id.)

By memorandum and order of May 9, 2016, the court dismissed Milhouse's amended petition and closed the case. (Docs. 10, 11.) In sum, the court dismissed the amended petition for failure to exhaust administrative remedies because it was clear that, although Milhouse filed an administrative appeal to the Regional Office, he failed to file an appeal to the Central Office and the court discerned no external

objective factor which prevented Milhouse from pursuing and completing the administrative process. The court stated that the fact that the Regional Office did not respond to Milhouse's appeal did not relieve Milhouse of his obligation to appeal to the Central Office because the fact that the Regional Office fails to respond to an appeal does not relieve an inmate of his responsibility to proceed to the final step, i.e., submitting an appeal to the Central Office of the Bureau of Prisons because an appeal to the Regional Office is deemed responded to and denied "[i]f the inmate does not receive a response within [30 calendar days of submission of the appeal]." 28 C.F.R. § 542.18. Under those circumstances "the inmate may consider the absence of a response to be a denial at that level." (Id.) The court stated that the Regional Office's lack of response was a *sub silentio* denial which authorized Milhouse to proceed to the final step of the administrative process. The court incorporates herein by reference the full reasoning set forth in the memorandum of May 9, 2016.

On May 31, 2016, Milhouse filed a document entitled "Motion for Reconsideration to Federal Rules of Civil Procedure Rule 59(e)" and a separate brief in support thereof.[2] Milhouse contends that we misconstrued the federal regulations relating to the exhaustion of his administrative remedies and that the fact that the Regional Office did not respond was cause which prevented him from complying with the administrative remedy process.

For the reasons set forth below, the court will deny Milhouse's motion for reconsideration.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985),

---

2. Local Rule 7.10 states as follows: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed.R.Civ.P. 59."

cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted

sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).[3]

Milhouse is raising an argument which the court has already considered and rejected. The federal regulation relating to the exhaustion of administrative remedies is unambiguous. If the Regional Office did not respond in accordance with the time frame set forth in the regulation, the non-response is a denial and then the inmate must submit an appeal to the Central Office.

Milhouse's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Thus, the court finds that its

3. Rule 59(e) permits a party to file a motion to alter or amend judgment within 28 days of the entry of judgment. Motions under Rule 59(e) are disfavored and the moving party bears the burden of establishing the circumstances warranting relief from a final judgment, such as an intervening change in the law, availability of new evidence or the need to correct clear error of law. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C.Cir. 1996). Rule 59(e) is not a vehicle to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

memorandum and order of May 9, 2016, is not defective because of manifest errors of law or fact and Milhouse has not presented anything new, which if previously presented, might have affected the court's decision. Consequently, the motions for reconsideration will be denied.

An appropriate order will be entered.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 15, 2016